# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| TREVIS SISTRUNK, | : | |
| Plaintiff, | : : : | Case No. 4:25-cv-157-CDL-AGH |
| v. | : : | |
| MUSCOGEE COUNTY JAIL, | : : | |
| Defendant. | : | |

## ORDER

*Pro se* Plaintiff Trevis Sistrunk, an inmate at Muscogee County Jail in Columbus, Georgia, filed a letter in the Northern District of Georgia (ECF No. 1) which was construed as a civil action under 42 U.S.C. § 1983 and transferred to this Court (ECF Nos. 2, 3). Although Plaintiff's letter is presently docketed as a § 1983 civil rights action, Plaintiff has not properly initiated any type of federal lawsuit. Plaintiff is advised that all requests for relief from the district court must be in the form of a complaint or a motion and must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff is also advised that filing fees are due upon the initiation of a federal civil action. Thus, if Plaintiff wishes to proceed with a federal civil action, then he must file a complaint and address the filing fee. Consequently, Plaintiff is **ORDERED** to (1) recast his complaint on the Court's standard form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed *in forma pauperis*. Plaintiff must complete the entire *in forma pauperis* application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional

equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff is to honestly, thoroughly, and completely answer each question presented in the Court's standard § 1983 complaint form, and he is to submit his answers on the form.

Plaintiff's recast complaint **shall take the place of all allegations made in the original pleading**. The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each individual he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his complaint on the Court's standard § 1983 form, and (2) either pay the $405.00 filing fee or if indigent, submit a properly completed motion to proceed *in*

*forma pauperis* that includes a certified copy of his inmate trust account for the preceding six months signed by a corrections official.  The **CLERK** is **DIRECTED** to mail Plaintiff a standard 42 U.S.C. § 1983 complaint form, and a copy of the Court's standard *in forma pauperis* application and account certification form with this Order.  Plaintiff must immediately inform the Court in writing of any change in his mailing address.  Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.

    **SO ORDERED**, this 4th day of June, 2025.

                                             s/ *Amelia G. Helmick*
                                             UNITED STATES MAGISTRATE JUDGE