IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **TREVIS SISTRUNK,** | : |
| **Plaintiff,** | : |
| v. | : Case No. 4:25-cv-00157-CDL-AGH |
| **MUSCOGEE COUNTY JAIL,** | : |
| **Defendant.** | : |

# **ORDER**

*Pro se* Plaintiff Trevis Sistrunk, an inmate in the Muscogee County Jail in Columbus, Georgia, filed a letter that was docketed as a civil rights complaint brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the $405.00 filing fee nor did he request leave to proceed without prepayment of the filing fee.

On June 4, 2025, Plaintiff was ordered to pay the filing fee or if indigent, submit a motion to proceed *in forma pauperis* that included a copy of his inmate trust account ECF No. 5. Plaintiff was further ordered to recast his complaint on the Court's standard form and provided instructions on how to do so. *Id*. Plaintiff was given fourteen (14) days to comply with the Court's order and was informed that failure to do so could result in dismissal of this action. *Id*. Plaintiff did not comply with the Court's Order. Instead, he filed another letter (ECF No. 7) and an incomplete motion to proceed *in forma pauperis* that did not include a certified copy of his inmate trust account (ECF No. 8).

Therefore, on July 22, 2025, the Court notified Plaintiff that he failed to comply

with an Order of the Court. ECF No. 9. Plaintiff was ordered to show cause why this action should not be dismissed for failure to comply with the Court's order. *Id*. The Court informed Plaintiff that this action would be dismissed if he failed to respond or otherwise fully and timely comply with the Court's June 4, 2025 Order. *Id*. Plaintiff was given fourteen (14) days to respond and he failed to do so.

Due to Plaintiff's failure to follow the Court's orders and failure to prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (first citing Fed. R. Civ. P. 41(b); then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (holding that the district court did not abuse its discretion in *sua sponte* dismissing without prejudice prisoner's *pro se* § 1983 complaint for failure to comply with court order to file amended complaint where order expressly informed prisoner of deficiencies in his complaint and rules that he needed to follow in filing amended complaint).

**SO ORDERED,** this **18th** day of **August, 2025**.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA